UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Sid Brooks

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| GEORGE ARMANDO CASTRO, | ) | Bankruptcy Case No. |
| f/d/b/a Boxing to the Bone, | ) | 11-24287-SBB |
| f/d/b/a Castro by Design Real Estate & Inv. | ) | Chapter 7 |
| a/k/a George Castro Sorio, and | ) | |
| MARIA CONCEPCION CASTRO, | ) | |
| a/k/a Maria C. Cabral, | ) | |
| Debtors. | ) | |
| | ) | |
| Last four digits of SS#: 1257 and 9468. | ) | |

**ORDER**

THIS MATTER comes before the Court for consideration of the Notice of Conversion of Chapter 7 Case to a Case Under Chapter 13 of the Bankruptcy Code filed by Debtors, George Armando Castro and Maria Concepcion Castro ("Debtors"), on July 25, 2011.[1]  The Court, having reviewed the Notice and the within case file, enters the following findings of fact, conclusions of law, and enters the following Order.

**I.     Facts**

The Debtors herein filed bankruptcy on June 15, 2011, with the assistance of counsel, John A. Cimino.  Mr. Cimino filed this case pursuant to Chapter 7 of the Bankruptcy Code because the Debtor, George Armando Castro, was unemployed since 2009, and Maria Concepcion Castro, was a housewife with no outside income at the time of the bankruptcy filing.

Debtors set forth in their Schedule I that they have no income other than, evidently, a payment of about $1,000 a month from a quadriplegic brother.  Debtors also indicate on Schedule I that they provide for the care of six (6) sons from age seven (7) months to eighteen (18) years.

Debtors indicate on their Schedule J that they have $9,157.00 per month in expenses.  Thus, leaving them with a deficit of $9,157.00 per month.  Of the monthly expenses, $6,200.00 per month is attributable to their home residence mortgage payment.  The indebtedness on their residence was in default pre-petition and the creditor, Kondaur Capital Corporation, commenced a foreclosure action with the Public Trustee and prior to the filing of the bankruptcy, a sale date of June 22, 2011 had been set by the Public Trustee.

---

[1]     Docket #21.

On June 30, 2011, Kondaur Capital Corporation sought relief from the automatic stay to proceed with its foreclosure of the residence.[2] On July 18, 2011, the Debtors, now filing *pro se*, contemporaneously, with Sherron L. Lewis, Jr., filed separate, but virtually identical Responses to Kondaur Capital Corporation's Motion for Relief from Automatic Stay.[3] Curiously, the Case Number on the pleading, 11-16045-SBB, was crossed-out to indicate the correct case number herein, 11-24287-SBB. Case No. 11-16045-SBB was filed by James and Mary Henely. The response to the motion for relief from automatic stay docketed in that case was very similar to the responses filed herein.[4] The response in the Henely case uses the same typeface, layout, and identical legal authority are cited.

On July 22, 2011, at 1:30 p.m., the Debtors attended their meeting of creditors. That same day Mr. Cimino filed his Motion to Withdraw as Attorney of Record.[5]

At the hearing on Kondaur Capital Corporation's Motion for Relief from Automatic Stay on July 25, 2011, appearances were made by counsel for Kondaur Capital Corporation, Heather Deere, counsel of record for the Debtors, Mr. Cimino, and Mr. Sherron L. Lewis, Jr., *pro se*. The Debtors did not appear.

Mr. Sherron L. Lewis, Jr., was abrasive and argumentative with the Court when he was questioned as to his standing to respond to Kondaur Capital Corporation's Motion for Relief from Automatic Stay. When the Court concluded that Mr. Lewis did not have standing to respond to the motion *based upon his legally insufficient response and his spurious arguments to the court*, Mr. Lewis stormed out of the courtroom.

Mr. Cimino advised the Court at the July 25, 2011 hearing on Kondaur Capital Corporation's Motion for Relief from Automatic Stay that Mr. Lewis showed up for the Debtors meeting of creditors and inserted himself between the Debtors and Mr. Cimino in such a way as to disrupt the attorney-client relationship. Mr. Cimino also advised the Court that, because of Mr. Lewis's belligerence at the meeting of creditors, the meeting lasted a protracted time period (he estimated about 1 hour).

At the conclusion of the hearing on Kondaur Capital Corporation's Motion for Relief from Automatic Stay on July 25, 2011, the Court granted Kondaur Capital Corporation's Motion for Relief from Automatic Stay.

Thereafter, Debtors filed their Notice of Conversion of Chapter 7 Case to a Case Under

---

[2] Docket #9.

[3] Docket #s 11 and 12.

[4] *See* Docket #15 therein.

[5] Docket #16.

Chapter 13 of the Bankruptcy Code. Debtors have not, to date, filed any amended Schedules or any other pleadings with the Court to indicate that their original Schedules and the income and expenses reflected therein have changed so as to make payments under a Chapter 13 Plan.

**II.     Issues**

The issues before the Court are:

a.      Whether Debtors have the right to convert their Chapter 7 case to a Chapter 13 case pursuant to 11 U.S.C. § 706?

b.      Whether Debtors' conduct in the current case rises to the level of misconduct that occurred in *Marrama* so as to preclude conversion?

**III.    Discussion**

**A.    Statutory Right to Convert**

11 U.S.C. § 706 states:

> (a) The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title....
>
> (c) The court may not convert a case under this chapter to a case under chapter 12 or 13 of this title unless the debtor requests or consents to such conversion.
>
> (d) Notwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter.

Debtors comply with § 706(a) because the case has not previously been converted. Debtors comply with § 706(c) because Debtors are requesting the conversion.

Debtors, however, *do not comply* with § 706(d) because Debtors *do not have "regular income"* so as to be a Chapter 13 debtor as specified in 11 U.S.C. § 109(e). Despite Congress's intent that "[t]he debtor should always be given the opportunity to repay his debts,"[6] it would appear that these Debtors have *no* ability to repay their debts. *In fact, the Notice of Conversion of Chapter 7 Case to a Case under Chapter 13 of the Bankruptcy Code is merely a machination of an interloper here, Mr. Lewis.* The Notice is an improper, frivolous, and vexatious tactic to

---

[6]     HR Rep No. 595, 95th Cong, 1st Sess 380 (1977); S Rep No. 989, 95th Cong, 2d Sess 94 (1978).

further complicate the efforts of Kondaur Capital Corporation to recover its collateral.

### B. Bad Faith

Even if the Debtors did qualify for relief under Chapter 13, this Court would not and will not convert this case to Chapter 13. Courts have analyzed § 706(d) to require good faith since § 1307(c) provides that a Chapter 13 proceeding may be either dismissed or converted to a Chapter 7 proceeding "for cause."[7] "Bankruptcy courts routinely treat dismissal for prepetition bad-faith conduct as implicitly authorized by the words "for cause," and a ruling that an individual's Chapter 13 case should be dismissed or converted to Chapter 7 because of bad faith is tantamount to a ruling that the individual does not qualify as a Chapter 13 debtor."[8] Debtor's conduct must be atypical to qualify as "bad faith" conduct sufficient to support dismissal of a Chapter 13 case or to deny conversion of case to Chapter 13 from Chapter 7.[9] Here, it would appear that Debtors' conduct is in concert with Mr. Lewis's conduct so as to keep the Debtors' residence out of reach of Kondaur Capital Corporation's hands.

In *Marrama*, the court held that the Chapter 7 debtor forfeited his right to proceed under Chapter 13, via conversion of his case, by engaging in prepetition bad-faith conduct which established "cause" that would warrant dismissal or reconversion of his Chapter 13 case, rendering him unqualified to be a debtor under Chapter 13.[10] The facts of *Marrama* were summarized by the court as the following:

> Marrama misrepresented the value of his Maine property and that he had not transferred it during the preceding year. Respondent DeGiacomo, the trustee of Marrama's estate, stated his intention to recover the Maine property as an estate asset. Thereafter, Marrama sought to convert the proceeding to Chapter 13, but the trustee and respondent bank, Marrama's principal creditor, objected, contending that the request to convert was made in bad faith and would constitute an abuse of the bankruptcy process.[11]

Debtors' actions—in conjunction with Mr. Lewis's actions—in the current case rises to the level of misconduct that took place in *Marrama*. In *Marrama*, the debtor transferred his real

---

[7] *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365, 127 S. Ct. 1105, 166 L. Ed. 2d 956 (2007).

[8] *Id.* at 365-66.

[9] *Id.*

[10] *Id*.

[11] *Id.* at 365.

4

property to a trust with the admitted intention of protecting his property from creditors.  Here, Mr. Lewis and Debtors in their identical pleadings indicate that on January 21, 2009, George Castro and his brother Luis Castro conveyed a 50% interest in the residence to Sherron L. Lewis, Jr.  In response to the Motion for Relief from Automatic Stay, Mr. Lewis and Debtors contend that, because Mr. Lewis filed his own bankruptcy petition on April 15, 2010 (evidently in Illinois), the Motion for Relief from Automatic Stay and the foreclosure are in violation of the automatic stay.  The documents attached as Exhibit D to the Debtors' response and Mr. Lewis's response to Kondaur Capital Corporations Motion for Relief from Automatic Stay reflect that the residence here was ostensibly transferred by a "Warranty Deed" for consideration the sum of $10.00.  Debtors schedule their residence as having a value of $639,000.00 in their bankruptcy schedules.  *By all appearances and evidence before this Court, this transfer was designed to thwart the efforts of Kondaur Capital Corporation and was not legitimate by any means.*

Exhibits 11 and 12 tendered by counsel for Kondaur Capital Corporation at the hearing on July 25, 2011, reflect that Mr. Lewis is enjoined from providing "services of any kind in connection with foreclosure or mortgage assistance, foreclosure or mortgage relief, foreclosure or mortgage consulting, mortgages, or real estate."[6]  It would appear that the conduct of Mr. Lewis with respect to these Debtors is the *same* conduct to which the Jefferson County Court specifically prohibited.[12]  It further appears that the *sole* purpose of his conduct was to thwart the efforts of Kondaur Capital Corporation.

Consequently, this Court concludes that even if these Debtors were eligible for Chapter 13 relief, the Debtors have *not* filed their Notice of Conversion of Chapter 7 Case to a Case Under Chapter 13 of the Bankruptcy Code in good faith.

---

[6] Preliminary Injunction Order entered on August 16, 2010, by the District Court, County of Jefferson, Colorado in the case styled: *State of Colorado v. Sherron L. Lewis, Jr.*, et al., Case No. 2010cv3537 (Kondaur Capital Corporation Exhibit 11).  *See also* Default Judgment and Permanent Injunction Against All Defendants entered on January 3, 2011, by the District Court, County of Jefferson, Colorado in the case styled: *State of Colorado v. Sherron L. Lewis, Jr.*, et al., Case No. 2010cv3537 (Kondaur Capital Corporation Exhibit 11).

[12] Based upon this Courts review of Kondaur Capital Corporation's Exhibits 11 and 12, and the statements of Mr. Cimino and Ms. Deere at the hearing on the Motion for Relief from Automatic Stay, Mr. Lewis has been in the business of taking money from persons whose homes are in foreclosure and then transferring title to the real estate, in whole or in part, from the homeowner.  In so doing, he then proceeds to insert himself into the foreclosure process (or, here, the bankruptcy process) so as to complicate title to the property and forestall foreclosure.

## VI. <u>Order</u>

Based on the above and foregoing,

  IT IS THEREFORE ORDERED that the Debtors' Notice of Conversion of Chapter 7 Case to a Case Under Chapter 13 of the Bankruptcy Code is **DENIED**. This Chapter 7 Case shall remain in Chapter 7 of the Bankruptcy Code.

  Dated this 27th day of July, 2011.

                BY THE COURT:

                _____
                Sidney B. Brooks,
                United States Bankruptcy Judge